ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 1 8 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JERRY CROWE,

    Plaintiff,

v.

JACOB LAW GROUP, PLLC
a Mississippi professional limited
liability company,

    Defendant.

CIVIL ACTION FILE

NO. 2 08-CV-0144-WCO

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant JACOB LAW GROUP, PLLC. is a professional limited liability company organized under the laws of the State of Mississippi. [Hereinafter, said Defendant is referred to as "JACOB."]

5. JACOB is subject to the jurisdiction and venue of this Court.

6. JACOB may be served by personal service upon its registered agent in the state of Mississippi, to wit: Richard DeVoe, 1420 North Lamar Boulevard, Suite 101, Oxford, Mississippi 38655.

7. Alternatively, JACOB may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Mississippi.

## FACTS COMMON TO ALL CAUSES

8. JACOB uses the mails in its business.

9. JACOB uses telephone communications in its business.

10. The principle purpose of JACOB's business is the collection of debts.

11. JACOB regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

12. JACOB is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, JACOB communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. In or around July 2008, JACOB, by and through its agents, left a series of recorded voice messages for Plaintiff regarding an alleged debt.

15. In each of the voice mail communications, JACOB did not meaningfully identify itself.

16. In each of the voice mail communications, JACOB did not state the nature of its business.

17. In each of the voice mail communications, JACOB did not state that the communications were from a debt collector.

18. In each of the voice mail communications, JACOB did not state that the communications were an attempt to collect a debt.

19. Many of the voice mail communications stated "[i]t is imperative that you return my call today," or words to that effect.

20. Defendant's communications violate the Fair Debt Collection Practices Act.

21. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

23. Defendant's violations of the FDCPA include, but are not limited to, the following:

24. Failure to state the nature of the caller's business in connection with, in violation of 15 U.S.C. § 1692d(6);

25. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

26. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

27. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a) That Plaintiff be awarded statutory damages;

    b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

    c) That the Court declare each and every defense raised by Defendant to be insufficient; and

    d) That the Court grant such further and additional relief as is just in the circumstances.

Signature Page to Follow.

Respectfully submitted,

THE LAW OFFICE OF KRIS SKAAR, P.C.

by: _____

Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA 30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com